**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JONATHAN DANIEL G.,** | ) | |
| | ) | **No. 20 C 3160** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Jonathan Daniel G. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**Background**

On July 14, 2017, plaintiff filed an application for benefits alleging a disability onset date of April 8, 2017. (R. 75.) His application was denied initially, on reconsideration, and after a hearing. (R. 23, 34, 75.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record." "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Gedatus*

*v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations omitted and cleaned up). Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 8, 2017. (R. 25.) At step two, the ALJ determined that plaintiff has the severe impairments of "attention deficit hyperactive disorder (ADHD); Asperger's disorder; autism/autism spectrum disorder; [and] major depressive disorder." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 29.) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform a full range of work at

all exertional levels "limited to simple, routine, repetitive tasks performed in a work environment free of fast-paced production requirements, involving only simple work-related decisions and with few, if any work place changes" and "only brief and superficial interaction with coworkers, supervisors, and the public." (R. 31, 33.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 33-34.)

Plaintiff argues that the RFC determination is incomplete because it does not "account for [plaintiff's] documented need for extended time to complete assignments and finish tests." (ECF 25 at 9.) The record belies this claim as the ALJ expressly noted, in determining plaintiff's RFC, that plaintiff's last IEP afforded him "more time to process information and complete objective[s]." (R. 32.) Further, even if the ALJ had not addressed that aspect of plaintiff's IEP, plaintiff does not explain how the RFC, which limits him to "simple, routine, repetitive tasks . . . in a work environment free of fast-paced production requirements" (R. 31), fails to accommodate his needs. Thus, the Court rejects plaintiff's challenge to the RFC. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) (stating that the claimant bears the burden of proving the RFC).

Plaintiff also argues that the ALJ's step five finding is not supported by substantial evidence because the vocational expert's ("VE's") testimony shows that plaintiff's RFC precludes performance of the jobs she cited. The VE testified that a person with plaintiff's RFC could work as a janitor, a hotel housekeeper, and a packer. (R. 67-69.) All three of those jobs have a specific vocational preparation ("SVP") rating, *i.e.*, "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance" in a job, of 2. *See* Dictionary of Occupational Titles ("DOT"), App'x C, *available*

at https://occupationalinfo.org/appendxc_1.html#II (last visited Mar. 31, 2022); *see also* DOT 381.687-018, *available at* https://occupationalinfo.org/38/381687014.html (last visited Mar. 31, 2022) (stating that janitor is SVP 2); *id.* 323.687-014, *available at* https://occupationalinfo.org/32/323687014.html (last visited Mar. 31, 2022) (stating that hotel housekeeper is SVP 2); *id.* 920.587-018, *available at* https://occupationalinfo.org/92/920587018.html (last visited Mar. 31, 2021) (stating that packer is SVP 2). SVP 2 is "[a]nything beyond short demonstration up to and including 1 month." *Id.*, App'x C, *available at* https://occupationalinfo.org/appendxc_1.html#II (last visited Mar. 31, 2022). However, the VE also said, in response to questions from plaintiff's attorney, that each of these jobs requires training during which plaintiff's interaction with coworkers or supervisors would be "more intense" and "involved." (R. 72.) Plaintiff contends that the social interaction required of him during the training period for these jobs exceeds the "brief and superficial interaction" limitation of his RFC.[1]

The Seventh Circuit has not decided whether an RFC that limits a claimant to brief and superficial interaction precludes performance of a job that requires more interaction during the training period. However, as the Commissioner points out, the very definition of RFC suggests that it does not. *See* SSR 96-8P, 1996 WL 374184, at *2 (July 2, 1996) (stating that "RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing** basis," *i.e.*, "8 hours a day, for 5 days a week") (emphasis in original). Moreover, though some courts have held that an RFC like plaintiff's is work preclusive, *see, e.g., Kenneth P. v. Saul*, No. 4:19-CV-0059-JMS-DML, 2019 WL 6463449, at *6 (S.D. Ind. Dec. 2, 2019), others have characterized that result as "untenable." *See Wright v. Comm'r of Soc. Sec.*,

---

[1] The VE was not asked, and did not say, whether the social interaction plaintiff would need to have during training exceeded the "brief and superficial interaction" limitation of his RFC. (R. 72-73.)

No. 1:12CV1103, 2013 WL 3873947, at *3 (N.D. Ohio July 25, 2013) ("[U]nder Plaintiff's theory, every single time an individual is limited to superficial interactions with others, the result would require an ALJ to determine that the claimant is entitled to benefits since training for a job necessarily involves more than superficial interaction with others. Such a result is untenable."): *Hemby v. Berryhill*, No. 15 CV1471 ACL, 2017 WL 951785, at *11 (E.D. Mo. Mar. 10, 2017) (same). The Court finds the reasoning of the latter cases more persuasive. Accordingly, the Court holds that the additional interaction that may be required of plaintiff during the brief training period for the SVP 2 jobs identified by the VE would not exceed plaintiff's RFC.

## Conclusion

For the reasons set forth above, the Court affirms the Commissioner's decision and terminates this case.

**SO ORDERED.**                    **ENTERED:  March 31, 2022**

**M. David Weisman**
**United States Magistrate Judge**